al/ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHANIEL ELLIBEE,                                    )
                                                     )
                                                     )
                    Plaintiff,                       )
                                                     )
        v.                                           )          Case No. 02–3233-JAR
                                                     )
BETH POSEY, et al.,                                  )
                                                     )
                    Defendants.                      )

**MEMORANDUM ORDER AND OPINION GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS**

        This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 52) and

Amended Motion to Dismiss (Doc. 62) pursuant to Fed. R. Civ. P. 12(c).   Defendants seek dismissal

of plaintiff's 42 U.S.C. § 1983 action for failure to exhaust administrative remedies.   The motion is fully

briefed and the Court is prepared to rule.   For the reasons stated below, defendants' motion to dismiss

is granted as to all of plaintiff's federal claims; defendant's motion is denied, however as to plaintiff's

remaining state law claims.   Because the Court finds dismissal of plaintiff's federal claims appropriate,

plaintiff's motion for summary judgment, (Doc. 65), which relates solely to the federal claims, is denied

as moot.

*Background*

        Plaintiff Nathaniel Ellibee, an inmate at the El Dorado Correctional Facility (EDCF), brings this

42 U.S.C. § 1983 action pro se alleging that defendants, in their individual and official capacities,

1

committed numerous constitutional violations. The Court summarizes plaintiff's claims as follows.[1]

When plaintiff Ellibee received his Inmate Trust Fund Account Statement in October 2001, he discovered that he had not been paid interest earnings on his account for the month of September 2001. Plaintiff sent an inquiry to the EDCF accounting department about the unpaid interest. He received a response from defendant Beth Posey, Accountant for the Kansas Department of Corrections at EDCF, stating that plaintiff was being denied interest because he was at a court proceeding on the day interest distributions were made. Plaintiff made a second and third informal inquiry but received no relief from either Don E. Thomas, Deputy Warden at EDCF or Michael A. Nelson, Warden at EDCF. Plaintiff then filed an official Inmate Grievance Form and received a response from Thomas and Nelson reaffirming their earlier decisions. Plaintiff next appealed to the Kansas Secretary of Corrections. William L. Cummings, Deputy Secretary of Corrections, responded by adopting EDCF's findings.

## *Discussion*

### A.    Motion to Dismiss Standard

The court may dismiss a cause of action under Fed. R. Civ. P. 12(c) for judgment on the pleadings for the same reasons it may dismiss a cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2] The Court accepts as true all well-pleaded allegations in the amended complaint and construes them in the light most favorable to the plaintiff.[3] "A

---

[1] The Court has extracted these facts from plaintiff's Amended Complaint (Doc. 10) and accepts these facts as true for the purposes of this Motion to Dismiss.

[2] *See Callery v. U.S. Life Ins. Co. in City of New York*, 392 F.3d 401, 404 (10th Cir. 2004) (stating the standard of review of a 12(c) motion is the same as the standard of review of a 12(b)(6) motion)).

[3] *Id.* (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitled [her] to relief."[4]

Additionally, because plaintiff is pro se, the Court must be mindful of certain considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[5] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6] Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[7] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[8] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."

**B.** **Failure to Exhaust Administrative Remedies**

Defendants urge that plaintiff's amended complaint should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). Pursuant to the

---

[4] *Callery,* 392 F.3d at 404 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (internal quotations omitted).

[5]*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Id.*

[7]*Id.*

[8]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

PLRA, "no action shall be brought with respect to prison conditions" until a prisoner exhausts his available administrative remedies.[9]  Exhaustion is mandatory such that "[r]esort to a prison grievance process must precede resort to a court."[10]

A complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.[11]  To avoid dismissal, "[a] prisoner must: (1) plead his claims with a short and plain statement . . . showing that [he] is entitled to relief . . . and (2) attach a copy of administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceedings and its outcome."[12]

Internal Management Policy and Procedure #01-118, which defendants attach to their motion to dismiss, provides an administrative procedure for inmate claims for property loss or personal injury. Plaintiff by his own admission failed to exhaust all available remedies by choosing not to pursue this remedy for his lost interest.[13]  Defendants are correct that plaintiff had available to him two specific remedies: (1) K.S.A. 46-920 and the state's Internal Management Policy and Procedure (IMPP) 01-118, or (2) the inmate grievance procedure.

Because plaintiff did not attach any grievance forms to his amended complaint, the Court must

---

[9]42 U.S.C. § 1997(e)(a).

[10]*Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003).

[11]*Id.* at 1210.

[12]*Id.* (internal quotations omitted)

[13] Plaintiff's Response, ¶ 11 ("Had the plaintiff made a choice to simply make a claim for the $20.00, then yes, he could have made the choice to file a 'Property Loss' claim pursuant to IMPP 01-118.").

determine whether he has described with specificity the administrative proceeding and its outcome. Paragraphs four through six of plaintiff's complaint lay out his progress through the general prison grievance system beginning with the official complaint on a Kansas Department of Corrections (KDOC) Inmate Grievance form and ending with an affirmation of no relief granted on appeal by Charles E. Simmons, Kansas Secretary of Corrections.

But plaintiff has failed to include any evidence, and actually provides evidence to the contrary, to show that he has exhausted the available remedy provided by IMPP 01-118.[14]   IMPP 01-118 would have allowed plaintiff recovery because it provides that "any inmate may file a claim for property damages/loss or personal injury with the Secretary of Corrections, but only those claims may be paid where it is established that the loss or damages was caused by the negligence of the State or any agency, officer, or employee thereof."[15]  Plaintiff's allegations of seizure of his interest earnings would be remedied if the IMPP procedure proved successful.  Plaintiff acknowledges this form of relief in paragraph eleven of his response to defendants' motion to dismiss: "Had the plaintiff made a choice to simply make a claim for the $20.00, then yes, he could have made the choice to file a 'Property Loss' claim pursuant to KDOC IMPP 01-118.  Nonetheless, the choice of venue was clearly the plaintiff's to make."[16]

Plaintiff misunderstands the necessity of exhausting *all* available administrative relief.  Contrary to his assertions, he does not have the option of either filing the present suit or a property loss claim.

---

[14] *Id.*

[15] IMPP 01-118.

[16] Plaintiff's Response, ¶ 11.

The PLRA required plaintiff to use the mechanism provided by the Kansas Secretary of Corrections for personal property loss before coming to federal court.[17]  Plaintiff seems to imply that it would merely be a choice of venue to decide between bringing the present action and filing a property loss claim. Choice of venue is irrelevant in determining whether plaintiff has met the pleading requirements.  The PLRA requires plaintiff to describe with specificity all available remedies and their outcomes, not just those he chooses to pursue.

Plaintiff suggests that he should not be required to pursue the alternative form of administrative remedy because it has proved unsuccessful for other prisoners.  Defendants are correct that plaintiff's futility defense has no merit.  "The Supreme Court has refused to read futility or other exceptions into the § 1997(e)(a) exhaustion requirement."[18]  Whether or not any other prisoner has received through IMPP 01-118 the same relief plaintiff seeks is of no consequence as to whether he is required to exhaust this avenue of relief.  Plaintiff has failed to describe with specificity this administrative proceeding and its outcome and therefore, has not satisfied the Court that the administrative process was fully exhausted.  "Exhaustion is a pleading requirement rather than an affirmative defense. [Plaintiff's] failure to adequately plead exhaustion therefore amounts to a failure to state a claim upon which relief may be granted."[19]  Therefore, the Court grants defendant's motion to dismiss the federal claims, as they are not totally exhausted.[20]

---

[17]*Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005).

[18] *Steele*, 355 F.3d at 1214 (quoting *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (internal quotes omitted)).

[19]*Simmat*, 413 F.3d at 1238.

[20] *See Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).

**C.      Sanctions**

In his response to defendants' motion to dismiss, plaintiff requests the Court consider imposing

Rule 11 sanctions upon the defendants.

Fed. R. Civ. P. 11(c)(1)(a) states, in pertinent part,

> A motion for sanctions under this rule shall be made separately from
> other motions or requests and shall describe the specific conduct
> alleged to violate subdivision (b). It shall be served as provided in Rule
> 5, but shall not be filed with or presented to the court unless, within 21
> days after service of the motion (or such other period as the court may
> prescribe), the challenged paper, claim, defense, contention, allegation,
> or denial is not withdrawn or appropriately corrected. If warranted, the
> court may award attorney's fees incurred in presenting or opposing the
> motion.

Plaintiff specifically alleges that defendants' claim that plaintiff has not exhausted all available

administrative remedies is "patently frivolous."

Rule 11 sets forth mandatory requirements that a moving party must comply with before a court

is permitted to order sanctions.[21]  The moving party must submit the motion for sanctions separate and

apart from any other motion or request, and specifically describe the conduct that allegedly violates the

rule.[22]  The moving party must serve the motion on the opposing party.[23]

If, after twenty-one days, the opposing party does not withdraw the challenged paper, claim, defense,

---

[21]*See* Fed. R. Civ. P. 11(c)(1)(A); *see also Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1528-29 (10th Cir. 1997).

[22]*See* Fed. R. Civ. P. 11(c)(1)(A).

[23]*Id.*

contention, allegation, or denial, the moving party may file its motion for sanctions with the court.[24]

The Court denies plaintiff's request for sanctions because he failed to comply with the mandatory requirements of Rule 11. Plaintiff did not file a motion for sanctions separate from other motions or requests. Instead, he filed it with his response to defendant's amended motion to dismiss. Furthermore, plaintiff failed to serve such motion on the defendants or give them the requisite "safe harbor" period to correct the alleged inappropriate action.

Plaintiff has also failed to specifically describe the conduct that allegedly violates the rule. Plaintiff merely expresses his opinion that the argument made by the defendant is patently frivolous. While Rule 11(b)(2) does require a party to put forth nonfrivolous arguments, plaintiff has not provided any description as to how defendants' argument is frivolous. Notably, this Court has found merit to defendants' exhaustion requirement argument.

## *Conclusion*

In sum, the Court dismisses all of plaintiff's federal claims pursuant to Rule 12(c) without prejudice. Therefore, plaintiff's additional Motion for Summary Judgment, which only pertains to the federal claims, is denied as moot. Nonetheless, the Court denies defendants' motion to dismiss on the state law claims. Plaintiff's amended complaint alleges state law claims based on his assertion of federal jurisdiction due to complete diversity of the parties. Because the PLRA does not apply to these claims, and because the Court has an independent jurisdictional basis for them, the motion is denied. The Court also dismisses plaintiff's request for Rule 11 sanctions.

---

[24]*Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 54) and Amended Motion to Dismiss (Doc. 62) are GRANTED IN PART and DENIED IN PART. Defendants' motion is GRANTED with respect to the federal claims and DENIED with respect to the state law claims.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Summary Judgment (Doc. 65) is DENIED as moot and plaintiff's request for Rule 11 sanctions is DENIED.

IT IS SO ORDERED.

Dated this 28th day of September 2005.

                                         S/  Julie A. Robinson

                                        Julie A. Robinson
                                        United States District Judge