ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHANIEL ELLIBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02–3233-JAR |
| ) | |
| BETH POSEY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on "Plaintiff's II Motion for Reconsideration" (Doc. 96). Plaintiff asks the Court to "set-aside it's [sic] order of dismissal as to Counts II, VII, XIV, and XXI of the Amended Complaint (Doc. 10), and order for those claims to proceed to trial." Defendants respond that the motion is untimely, and even if timely, there is no basis under Fed. R. Civ. P. 59(e) for granting relief. Presumably, plaintiff wishes the Court to reconsider its April 26, 2006 Memorandum and Order which: (1) granted defendant's motion for summary judgment, construed as a motion to dismiss for lack of subject matter jurisdiction, (2) denied plaintiff's Motion to Alter or Amend or for Relief from Judgment, and (3) denied as moot plaintiff's motion to change trial venue. Plaintiff never specifies which order he seeks to have reconsidered, or whether he seeks to alter or amend judgment under Fed. R. Civ. P. 59(e) or relief from judgment under Fed. R. Civ. P. 60(b).

*Background*

Plaintiff Nathaniel Ellibee, an inmate at the El Dorado Correctional Facility (EDCF), brought this 42 U.S.C. § 1983 action pro se alleging that defendants, state officials in their

individual and official capacities, committed numerous constitutional violations. Plaintiff also alleged state law claims, arguing the Court had jurisdiction under 28 U.S.C. § 1332 based on complete diversity of the parties. Plaintiff's Amended Complaint (Doc. 10) alleges federal claims against all defendants based on the Fifth Amendment Takings clause, the Sixth Amendment's right of access to the courts, and the Fourteenth Amendment due process clause. He alleges that the defendants recklessly disregarded and/or were deliberately indifferent and/or had malicious intent in committing these constitutional violations. Finally, plaintiff alleges the defendants violated the Kansas Tort Claims Act by committing negligence and fraud.

On September 28, 2005, the Court granted defendants' Motion to Dismiss all of the federal claims asserted by plaintiff. (Doc. 75.) The basis for denial was that plaintiff failed to fully exhaust his administrative remedies under 42 U.S.C. § 1997e. Because the state defendants failed to address the state law claims asserted in the Amended Complaint, the Order did not dispose of the case in its entirety. On October 18, 2005, plaintiff filed an "Affidavit to Affirm Non-Receipt of Court's Order Dated September 28, 2005" (Doc. 78), and a Motion for Extension of Time to file a motion under Fed. R. Civ. P. 59 due to the delay in his receipt of the dismissal order. The Court denied this motion, as it lacks authority under Fed. R. Civ. P. 6(b) to allow such an extension of time.

Plaintiff filed a Motion to Alter or Amend Judgment and/or Motion for Relief from Judgment or Order, asking the Court to again reconsider its September 28, 2005 Order. Also, defendants filed a Motion for Summary Judgment, on the state law claims, which defendants also incorporated the diversity jurisdiction arguments asserted in their previously denied Motion to Alter or Amend (Doc. 77).

In its April 26, 2006 Memorandum and Order, the Court determined that a Motion to Alter or Amend its September 28, 2005 Order granting defendants' motion to dismiss the federal claims under Rule 59(e) was untimely, as it was not filed within the ten day requirement, and construed plaintiff's motion as one for relief from judgment under Rule 60(b). The Court went on to find that the extraordinary circumstances required for relief under Rule 60(b) were not present. Therefore, the Court denied plaintiff's motion for relief from judgment and then proceeded to dismiss the state law claims.

*Discussion*

Plaintiff argues in this most recent motion for reconsideration that the Court should reinstate his federal claims against defendants that are based on his allegations that he was retaliated against because he exercised his Sixth Amendment right to access the courts. He maintains that the his Complaint was "mixed" because the retaliation allegations were administratively exhausted while the other property claims were not, and therefore, plaintiff asks the Court to exercise its discretion and allow him to voluntarily dismiss the unexhausted claims and proceed on his exhausted claims. Plaintiff makes no mention of the Court's Memorandum and Order with regard to the state law claims that were dismissed. Therefore, plaintiff essentially asks this Court to reconsider for a second time its September 28, 2005 Order dismissing his federal claims. The Court does not find that the extraordinary circumstances required for relief under Rule 60(b) are present here.[1] Although the argument presented in the

---

[1] *See Hilliard v. Dist. Court of Comanche County*, 100 Fed. Appx. 816, 818–19 (10th Cir. 2004); *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991); *see* Fed. R. Civ. P. 60(b). These grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered ; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or

present motion has not been made in prior filings, the Court has already denied plaintiff's motion to reconsider its order dismissing federal claims in this case. Plaintiff has persistently attempted to relitigate issues and claims in this case that have been decided against him and the Court declines to allow him a "second bite at the apple" and reconsider its order yet again.

Additionally, plaintiff's request that the Court now treat his Amended Complaint as "mixed" for purposes of determining exhaustion is denied. Plaintiff relies on the Tenth Circuit decision in *West v. Kolar*[2] for the proposition that the Court should now exercise its discretion and allow him to voluntarily dismiss his unexhausted claims and allow him to pursue only the exhausted Sixth Amended claims. The Tenth Circuit stated in *West*:

> West's complaint is a "mixed" complaint, containing both exhausted and unexhausted claims. We recently determined, analogizing to the rule for habeas corpus cases established in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that where an inmate files a "mixed" § 1983 complaint, "the district court must ordinarily dismiss the entire action without prejudice" to permit the inmate to exhaust his unexhausted claims. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir.2004). It also follows from the adaptation of the rule in *Rose v. Lundy* that the district court may permit an inmate who has filed a mixed complaint in a § 1983 complaint to dismiss voluntarily his unexhausted claims and to proceed only on those he has exhausted. *See Rose*, 455 U.S. at 510, 455 U.S. 509.[3]

The Court declines to exercise its discretion at this late stage of the proceedings and allow plaintiff to amend the complaint yet again, voluntarily dismissing the unexhausted claims here. The procedural posture in *West* was such that the district court had dismissed unexhausted

---

a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2]108 Fed. Appx. 568 (10th Cir. 2004).

[3]*Id.* at 570.

claims, while deciding the exhausted claims on the merits.  The Court mandated that the decision be vacated so that the district court could either apply the total exhaustion rule and dismiss the case in its entirety, or allow plaintiff the opportunity to amend the complaint.[4]  Here, the Court is not in such a procedural posture, as it has already determined, in its discretion, that all federal claims should be dismissed under the total exhaustion rule.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's II Motion for Reconsideration is **denied**.

**IT IS SO ORDERED**.

Dated this 14th  day of June 2006.

                                           S/ Julie A. Robinson
                                          Julie A. Robinson
                                            United States District Judge

---

[4] *Id.*